**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
London Division**

| | | |
|---|---|---|
| IN RE: | : | Chapter 7 |
| | : | Case No: 10-61119 |
| WILLIAM W. PIERCE, JR., | : | Judge Joseph M. Scott |
| | : | |
| Debtor | : | |
| _____ | : | |
| | : | |
| MAXIE HIGGASON, Chapter 7 Trustee for | : | |
| WILLIAM W. PIERCE, JR., | : | |
| | : | |
| Plaintiff, | : | |
| | : | Adversary No. 11-6008 |
| v. | : | |
| | : | |
| VANDERBILT MORTGAGE AND | : | |
| FINANCE, INC. and | : | |
| WILLIAM W. PIERCE, JR., | : | |
| | : | |
| Defendants. | : | |
| _____ | : | |

**MEMORANDUM OPINION**

For the third time Vanderbilt Mortgage and Finance, Inc. ("Vanderbilt") is before the Court, on cross-motions for summary judgment (Docs. 18 and 20), on the issue of whether its lien on a mobile home owned by a debtor was properly perfected by filing a title lien statement in the wrong county contrary to Kentucky Revised Statute § 186A.190. As this Court has previously held:

> Because K.R.S. § 186A.190 requires Vanderbilt to file its title lien statement with the county clerk where the debtor resides to properly perfect its interest and Vanderbilt failed to do so, its lien on the Debtor's mobile home is unperfected. Therefore the Trustee may avoid Vanderbilt's lien pursuant to 11 U.S.C. § 544 and recover the value of the lien for the benefit of the estate under 11 U.S.C. § 550.

*Palmer v. Vanderbilt Mortg. & Fin., Inc. (In re Walling)*, Bankr. No. 10-51619, Adv. No. 10-5076, 2010 WL 5421148, at *1 (Bankr. E.D. Ky. Dec. 20, 2010); *see also Westenhoefer v. Vanderbilt Mortg. & Finance, Inc. (In re Epling)*, Bankr. No. 10-70842, Adv. No. 11-7012, 2011 WL 1984061 (Bankr. E.D. Ky. May 20, 2011) (same with respect to mobile home), *appeal docketed*, No. 7:11-cv-106 (E.D. Ky. June 27 2011); *Schlarman v. Fifth Third Bank, Inc. (In re Sands)*, Bankr.

No. 07-21155, Adv. No. 07-2064, 2008 WL 4290949 (Bankr. E.D. Ky. 2008) (same with respect to a motor vehicle).

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(F). Venue is found in this Court pursuant to 28 U.S.C. § 1409. The following constitutes the Court's Findings of Fact and Conclusions of Law pursuant to Federal Rule of Bankruptcy Procedure 7052.

## FACTS AND PROCEDURAL HISTORY

The parties do not dispute the material facts of this case which are substantially similar in material respects to the facts in *In re Epling, In re Walling*, and *In re Sands*. On April 13, 2007, Debtor, William W. Pierce, Jr., borrowed $97,351.20 from Vanderbilt to finance a 2007 Clayton manufactured home, VIN # NO2018615TNAB (Mobile Home"), to be located at Debtor's residence at 178 Appaloosa Trail, Corbin, Kentucky 40701. Debtor's residence at that time was located in Laurel County, Kentucky, and at all times relevant hereto the Debtor lived in Laurel County. However, on April 30, 2007, Vanderbilt filed its title lien statement in Whitley County rather than Laurel County but asserts that the "security interest was perfected by notation on the Certificate of Title issued by the Commonwealth of Kentucky on April 24, 2009." (Vanderbilt Mo. Summ. J. at 2 & Ex. 2 (Doc. 20)). The certificate of title attached as an exhibit to Vanderbilt's Motion for Summary Judgment, however, is a duplicate certificate of title that was issued February 16, 2011. That same certificate of title is attached as an exhibit to the Trustee's Motion for Summary Judgment (Doc. 18). (Trustee Mo. Summ. J., Ex. C (Doc. 18)). Vanderbilt's lien is noted on the duplicate certificate of title as filed in Whitley County. The certificate of title issued April 24, 2009, is not in the record. There is no allegation or proof that the manufactured home has been converted from personalty to realty pursuant to K.R.S. § 186A.297.

The Debtor filed for Chapter 7 relief on July 15, 2010. The Plaintiff was appointed as the Chapter 7 Trustee. On February 28, 2011, the Plaintiff filed this adversary proceeding seeking to avoid Vanderbilt's lien pursuant to 11 U.S.C. § 544 because Vanderbilt filed the title lien statement in the wrong county and thus did not properly perfect its lien in accordance with K.R.S.

§ 186A.190. An Amended Complaint (Doc. 12) was filed on May 4, 2011. The only change made to the Complaint was to correct the VIN for the Mobile Home. Vanderbilt filed an Answer (Doc. 8) denying the allegations of Plaintiff relating to Vanderbilt's lien not being properly perfected and denying that the VIN was correct in the Complaint. Vanderbilt also filed a Response to Request for Admissions (Doc. 14). As noted above, the parties filed cross-motions for summary judgment. By Joint Report to Court on Status and Settlement Conference (Doc. 17), the parties agreed that this matter should be taken off the trial docket and submitted for decision on the cross-motions for summary judgment. By Order (Doc. 25) entered July 7, 2011, the trial scheduled for this matter was stricken from the record and the matter was deemed submitted on the record as of July 7, 2011.

Default judgment (Doc. 29) was entered against the Debtor on July 11, 2011.

**SUMMARY JUDGMENT STANDARD**

Pursuant to Federal Rule of Bankruptcy Procedure 7056, Federal Rule of Civil Procedure 56 applies in adversary proceedings.

> [O]n several occasions, the Court of Appeals for the Sixth Circuit has described the standard to grant a motion for summary judgment as follows:
>
>> A court must grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Under this test, the moving party may discharge its burden by "pointing out to the [bankruptcy] court . . . that there is an absence of evidence to support the nonmoving party's case."

*Buckeye Retirement Co., LLC, Ltd., v. Swegan (In re Swegan)*, 383 B.R. 646, 652-53 (B.A.P. 6th Cir. 2008) (quoting *Gibson v. Gibson (In re Gibson),* 219 B.R. 195, 198 (B.A.P. 6th Cir.1998)).

> The standard for summary judgment does not change when a court is presented with cross-motions for summary judgment. *Profit Pet v. Arthur Dogswell, LLC,* 603 F.3d 308, 312 (6th Cir. 2010). When reviewing cross-motions for summary judgment, "a court must evaluate each motion on its own merits and view all facts and inferences in the light most favorable to the nonmoving party." *Appoloni v. U.S.,* 450 F.3d 185, 189 (6th Cir. 2006) (quoting *Westfield Ins. Co. v. Tech Dry, Inc.,* 336 F.3d 503, 506 (6th Cir . 2003)).
>
>> "The fact that the parties have filed cross-motions for summary judgment does not mean, of course, that summary judgment for one side or the other

3

>   is necessarily appropriate.  'When parties file cross-motions for summary judgment, 'the making of such inherently contradictory claims does not constitute an agreement that if one is rejected the other is necessarily justified or that the losing party waives judicial consideration and determination whether genuine issues of material fact exist.' "
>
>   *Parks v. LaFace Records,* 329 F.3d 437, 444–45 (6th Cir. 2003) (quoting *B.F. Goodrich Co. v. United States Filter Corp.,* 245 F.3d 587, 593 (6th Cir. 2001) (citing 10A Charles Alan Wright, Arthur R. Miller, and Mary Kay Kane, FEDERAL PRACTICE AND PROCEDURE, § 2720 (3d ed. 1998))).  "At the same time, '*cross motions for summary judgment do authorize the court to assume that there is no evidence which needs to be considered other than that which has been filed by the parties.*" *Greer v. United States,* 207 F.3d 322, 326 (6th Cir. 2000) (quoting *Harrison W. Corp. v. Gulf Oil Co.,* 662 F.2d 690, 692 (10th Cir. 1981)).

*Simon v. JP Morgan Chase Bank, N.A. (In re Lebbos)*, ___ B.R. ___, 2011 WL 3701828, at * 2 (Bankr. E.D. Mich. Aug. 23, 2011) (emphasis added).

## LAW AND DISCUSSION

To perfect a security interest in a mobile home in Kentucky, a title lien statement is submitted to the county clerk of the county of the debtor's residence.  The county clerk uses the information contained in the title lien statement to note the security interest on the certificate of title by entering the information into the automated system so as to produce a certificate of title in Frankfort.  *See* K.R.S. §§ 186A.190(1), (2) & 186A.195(1), (2).

A.    *Whether Vanderbilt Submitted Evidence of a Perfected Security Interest*.    One of the steps to evidencing perfection of a security interest in a manufactured home that has not been converted to realty is a "notation on the certificate of title."  K.R.S. § 186A.190(1).  Vanderbilt has failed to provide evidence that its security interest was perfected by notation on the certificate of title of the Debtor's Mobile Home prior to the filing of the Debtor's chapter 7 petition on July 15, 2010.  The only evidence provided is a copy of the duplicate certificate of title issued February 16, 2011, with the assertion in Vanderbilt's Motion for Summary Judgment that the certificate of title was issued on April 24, 2009.  This bare assertion without more is insufficient to overcome the Trustee's strong arm powers under 11 U.S.C. § 544(a)(1).  On cross-motions for summary judgment, the Court is "*authorize[d] to assume that there is no evidence which needs to be considered other than that which has been filed by the parties.*" *In re Lebbos*, 2011 WL

4

3701828, at * 2 (citing *Greer v. United States,* 207 F.3d 322, 326 (6th Cir. 2000) (emphasis added)).

Even had Vanderbilt provided sufficient evidence that its lien was noted on a certificate of title issued on April 24, 2009, Vanderbilt still could not overcome the fact that it filed the title lien statement in the wrong county.   Vanderbilt's Motion for Summary Judgment will be denied.

B.   *Whether Vanderbilt Properly Perfected Its Security Interest By Filing the Title Lien Statement in the Wrong County.*   As noted above, this Court has previously addressed the issue raised herein and held that the trustee may avoid a creditor's lien on the debtor's vehicle or mobile home when the creditor fails to file the title lien statement in the correct county.   Vanderbilt has again failed to comply with Kentucky Revised Statute § 186A.190 which governs perfection of a mobile home.   That statute provides:

> (1) Except as provided in subsection (4) of this section and in KRS 355.9-311(4), the perfection and discharge of a security interest in any property for which has been issued a Kentucky certificate of title shall be by notation on the certificate of title. The notation of the security interest on the certificate of title shall be in accordance with this chapter. . . .
>
> (2) Except as provided in subsection (4) of this section, the notation of security interests relating to property required to be titled in Kentucky through the county clerk shall be done in the office of the *county clerk of the county in which the debtor resides*. . . .
>
> Notwithstanding the existence of any filed financing statement under the provisions of KRS Chapter 355 relating to any property registered or titled in Kentucky, *the **sole** means of perfecting and discharging a security interest in property for which a certificate of title is required by this chapter is by notation on the property's certificate of title **under the provisions of this chapter***. . . .

K.R.S. § 186A.190 (emphasis added).   This Court previously stated:

> If the language of a statute is "clear and unambiguous and if applying the plain meaning of the words would not lead to an absurd result, further interpretation is unwarranted." *Autozone, Inc. v.. Brewer,* 127 S.W.3d 653, 655 (Ky. 2004).   The language of K.R.S. § 186A.190 requires notation on the certificate of title "in accordance with this chapter" and "under the provisions of this chapter."   The same statute requires titling in the office of the county clerk of the county in which the debtor resides.   The plain language of the statute is clear that filing with the appropriate county clerk is a requirement for perfection.   This is consistent with the entire statutory scheme of K.R.S. Chapter 186A.   *See, e.g.,* K.R.S. § 186A.120(2) (requiring the lien to be "recorded in the county of the purchaser's residence" and declaring "title shall not be issued from Frankfort until

5

> the lien information has been entered by the county clerk of the purchaser's residence."); K .R.S. § 186A.195(3) ("The clerk shall indicate a title is not to be issued until the lien has been noted and fees, according to K.R.S. § 186A.190, paid in the county of the owner's residence or in thirty (30) days."); K.R.S. § 186A.195(4) ("The secured party shall submit the certificate of title along with the title lien statement to the county clerk of the county of the debtor's residence.")

*In re Walling*, 2010 WL 5421148, at 2. Vanderbilt makes the same arguments and relies on the same Kentucky and other state cases as it relied on in *In re Walling* and *In re Epling*. This Court has previously distinguished the Kentucky cases in *In re Walling* and reference is made thereto for such discussion. *See In re Walling*, 2010 WL 5421148, at *3-4. The case law relied on by Vanderbilt from jurisdictions other than Kentucky is not binding on this Court.

> Under Kentucky law, any deficiency in the process of perfection is to be resolved against the creditor, who must "bear the responsibility if the proper filing is not accomplished." *PHH Mortgage Services v.* Higgason, 345 B.R. 584, 586 (E.D. Ky. 2006). Where the plain language of K.R.S. § 186A.190 requires filing in the county where the Debtor resides, the filing of the title lien statement in the wrong county does not result in perfection, despite the issuance of a certificate of title with the noted lien.

*In re Walling*, 2010 WL 5421148, at *4.

Because Vanderbilt's lien on the Mobile Home was not properly perfected at the time the Debtor filed bankruptcy, the Trustee has the superior title to the Debtor's Mobile Home pursuant to 11 U.S.C. § 544. The Trustee is, therefore, entitled to recover the value of the Debtor's interest in the Mobile Home for the benefit of the estate pursuant to 11 U.S.C. § 550.

A separate judgment will be entered accordingly.

**COPIES TO**:
Maxie Higgason, Esq.
Ashley Sanders Cox, Esq.
John P. Brice, Esq.
U.S. Trustee
William W. Pierce, Jr.

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
***The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.***



**Signed By:**
*Joseph M. Scott, Jr.*
**Bankruptcy Judge
Dated: Tuesday, September 20, 2011
(jms)**